IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**CAMDEN GROVE LLC,**

      **Plaintiff,**

**vs.**                                                                                                                   **No.: 2:18-cv-2530-SHM-cgc**

**ANDREW CODY**

      **Defendant.**

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED**
***IN FORMA PAUPERIS***

**REPORT AND RECOMMENDATION**

---

Before the Court, by way of Administrative Order 2013-05,[1] is the instant case. This matter was initiated in this court by the Defendant, Andrew Cody, on July 31, 2018 by removal of a forcible entry and detainer action from the Shelby County Court of General Sessions accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries (D.E. # 1 & 2.)

    **A.**    **Motion for Leave to Proceed *In Forma Pauperis***

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400," 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent party to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

into the party's ability to pay the filing fee and prosecute the lawsuit. A party seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the Defendant has submitted a properly completed and executed *in forma pauperis* affidavit. The information set forth in the affidavit satisfies Defendant's burden of demonstrating that he is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED. The Clerk shall record the plaintiff as Camden Grove LLC.

### B. Proposed Facts

The detainer warrant (D.E. # 1-1) filed with the Shelby County Court of General Sessions as warrant number 1936127 describes a complaint made to the General Sessions Clerk by the plaintiff, Camden Grove LLC alleging unlawful detainer by Defendant and seeking an award of possession and $2,562.67. The notice of removal filed by Defendant alleged that "Defendant feels he is being discriminated against" and that removal is pursuant to 28 U.S.C. § 1441.

### C. Analysis and Proposed Conclusions of Law

Federal district courts have original jurisdiction over civil actions including those arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states, 28 U.S.C. § 1332. Removal of a state court action under 28 U.S.C. § 1441 is proper only if the action "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). When removing an action to federal court, the burden falls on the party removing the action to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true such that removal was proper. See, e. g.,

*Her Majesty the Queen v. Detroit*, 874 F.2d 332, 229 (6th Cir.1989); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993).

Forcible entry and detainer actions are based solely upon state law, Tenn. Code Ann. §29-18-101 *et seq.*, and do not involve federal questions or a federal cause of action. Federal jurisdiction only exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) citing, *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 758 (6th Cir. 2000). A state law claim cannot be recharacterized as a federal claim for purposes of removal. *Loftis* at 515. The detainer warrant supports no grounds for removal based on a federal question.

With regard to diversity jurisdiction, the amount at issue does not meet the threshold for diversity jurisdiction. Further, because Defendant is a citizen of Tennessee removal based on diversity is inappropriate. *See* 28 U.S.C. § 1441(b) (2000) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Therefore, it is RECOMMENDED that the District Court remand the detainer action to the Shelby County General Sessions Court due to the lack of subject matter jurisdiction.

**DATED** this 6th day of August, 2018.

> s/Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**